```
 1                 UNITED STATES DISTRICT COURT
 2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
 3
 4   UNITED STATES OF AMERICA,      .
                                    .
 5              Plaintiff,          . No. 18-cr-3656-JLS
                                    .
 6              v.                  . June 9, 2020
                                    . 2:23 p.m.
 7   DAVID WILLIAMS HAAS,           .
                                    .
 8              Defendant.          . San Diego, California
     . . . . . . . . . . . . . . . .
 9
10              TRANSCRIPT OF CHANGE OF PLEA HEARING
                BEFORE THE HONORABLE MICHAEL S. BERG
11                 UNITED STATES MAGISTRATE JUDGE
12
13   APPEARANCES:
14   For the Government:    United States Attorney's Office
                            By: MARK PLETCHER, ESQ.
15                          880 Front Street, Room 6293
                            San Diego, California 92101
16
     For the Defendant:     Law Offices of Jeremiah J. Sullivan, III
17                          By: JEREMIAH J. SULLIVAN, ESQ.
                            1034 25th Street, Suite 564
18                          San Diego, California 92102
                            - and -
19                          Law Office of Brian J. White
                            4320 Iowa Street
20                          San Diego, California 92104
21
     Transcript ordered by: Benjamin Cheeks, Esq.
22
     Transcriber:           Chari L. Bowery
23
24   Proceedings Recorded by Electronic Sound Recording;
     Transcript Produced by Transcription
25
```

```
 1                SAN DIEGO, CALIFORNIA; JUNE 9, 2020; 2:23 P.M.
 2                                 -o0o-
 3             THE CLERK:  Calling matter Number 38 on the calendar,
 4   18-cr-3656, USA v. David Williams Haas.
 5             THE COURT:  Appearances?
 6             MR. PLETCHER:  Good afternoon, Judge.  It's Mark
 7   Pletcher for the United States.
 8             THE COURT:  Thank you.
 9             MR. WHITE:  And good afternoon, Your Honor.  Brian
10   White and Jeremiah Sullivan on behalf of Mr. Haas.  All three
11   of us are appearing remotely, via Zoom.
12             THE COURT:  Okay.  And I will ask you to keep your
13   voices up because it's being recorded, but it is not recorded
14   through Zoom; it is recorded on a conference telephone line
15   that is on speakerphone.  So please keep your voices up so it's
16   recorded.  Okay?
17             MR. WHITE:  Okay.
18             THE COURT:  Mr. Haas, you have the right to appear in
19   person, in court, for these proceedings.  It is my
20   understanding you are willing to give up that right and agree
21   to appear by the Zoom video technology.  Is that correct, sir?
22             THE DEFENDANT:  Yes, sir.
23             THE COURT:  Thank you.
24        And, Mr. White, you concur?
25             MR. WHITE:  Yes, Your Honor.
```

1            THE COURT:  Do I need to ask both you and
2  Mr. Sullivan, or are we just good with you, and you can answer
3  on behalf of both of them, and if --
4            MR. SULLIVAN:  That's fine, Your Honor.
5            THE COURT:  Okay.  And it's my understanding,
6  Mr. Haas, that you wish to plead guilty today.  Is that
7  correct?
8            THE DEFENDANT:  Yes, sir.
9            THE COURT:  Okay.  You can swear him in, Maria.
10           THE CLERK:  Okay.  Mr. Haas, please raise your right
11 hand.
12      (Oath administered by the clerk.)
13           THE CLERK:  Thank you.  You can lower your hand.
14           THE COURT:  Thank you.
15      Mr. Haas, you have just taken an oath to tell the truth.
16 That's very important.  If you should lie or make any false
17 statements during these proceedings, the government could
18 charge you with a new and separate crime, called perjury, or
19 making a false statement.  So, if you have any questions about
20 anything I ask, please don't guess at the answer.  Let me know,
21 and I will be happy to explain it to you further.  Okay?
22           THE DEFENDANT:  Yes, sir.
23           THE COURT:  You have the right to have your guilty
24 plea taken by the district court judge in your case.  That's
25 Judge Sammartino.  I am the magistrate judge.  It's my

1 understanding you are willing to allow me to take your guilty
2 plea today and then Judge Sammartino will do the sentencing.
3 Is that how you still wish to proceed?
4         THE DEFENDANT: Yes, sir.
5         THE COURT: Thank you.
6    I also have a plea agreement in your case. It's fairly
7 long, here. Let's see. Looks like it's 18 pages, and then
8 there's an addendum. And then there's initials at the bottom
9 of the right corner on each page and a signature on the back.
10 I can't really tell the initials. It looks like maybe DMH. Is
11 that it?
12         THE DEFENDANT: DWH.
13         THE COURT: DWH. Okay. Are those your initials and
14 your signature, sir?
15         THE DEFENDANT: Yes, sir.
16         THE COURT: And before you initialed and signed it,
17 did you either read it in its entirety or have it read to you?
18         THE DEFENDANT: Yes, sir. I did.
19         THE COURT: Do you have any questions about anything
20 in it?
21         THE DEFENDANT: No, sir.
22         THE COURT: I am not going to go through the entire
23 form with you. I know that you and your attorney spent a long
24 time going through everything. I am just going to ask you a
25 few questions about a few portions of it.

1     You have very valuable constitutional rights in this
2 country, and you are going to be giving up a number of these
3 rights by pleading guilty here today.  You have the right to a
4 speedy and public trial by jury; the right to cross-examine and
5 confront any witnesses that would testify against you; the
6 right to subpoena any witnesses to court to testify on your
7 behalf; the right for you to personally testify or remain
8 silent; and the right to a lawyer, which you already have, with
9 Mr. White and Mr. Sullivan.
10     Do you understand these constitutional rights, sir?
11          THE DEFENDANT:  Yes, sir.  I do.
12          THE COURT:  And by pleading guilty today, you are
13 going to give up each of these rights I have just described,
14 with the exception of your right to an attorney.  Mr. White and
15 Mr. Sullivan will remain as your attorneys until the case has
16 been completed.  Do you agree to give up each of the
17 constitutional rights I have described, with the exception of
18 your right to an attorney?
19          THE DEFENDANT:  Yes, sir.
20          THE COURT:  Thank you.
21     You are charged with conspiracy to commit bribery,
22 bribery, conspiracy to commit honest services fraud, and
23 forfeiture.
24     Is he pleading guilty to each of these counts?
25          MR. PLETCHER:  No, Judge.  He is just pleading guilty

```
 1   to Count One of the indictment returned August 16th, 2008.
 2   That's the conspiracy to commit bribery count.
 3              THE COURT:  Okay.  You are being charged with
 4   conspiracy to commit bribery.  If you were to go to trial on
 5   this case, sir, the government needs to prove the elements of
 6   this charge beyond a reasonable doubt.
 7         Do you have the elements of that, Mr. Pletcher?
 8              MR. PLETCHER:  I do, Your Honor.
 9         To be guilty of conspiracy to commit bribery, the
10   government would prove that the defendant agreed with others to
11   commit bribery, and that the defendant became a member of the
12   conspiracy knowing of at least one of its objects and intending
13   to help accomplish it.  Finally, the government would have to
14   prove that the defendant or one of his co-conspirators
15   performed at least one overt act for the purpose of carrying
16   out the conspiracy and effecting its unlawful object.
17              THE COURT:  Okay.  Do you understand these elements,
18   Mr. Haas?
19              THE DEFENDANT:  Yes, sir.
20              THE COURT:  And do you understand that, by pleading
21   guilty, you will be admitting these elements, and the
22   government need not do anything further to prove the charge
23   against you?
24              THE DEFENDANT:  Yes, sir.  I do.
25              THE COURT:  This is a long factual basis, here; isn't
```

```
 1  it?
 2          MR. WHITE:  It is.
 3          THE COURT:  Maximum -- let's see.  Oh, here we go.  I
 4  guess I was looking at the indictment as opposed to the plea.
 5      The maximum penalties you are facing, sir, are a maximum
 6  five years in prison, a maximum $250,000 fine, a mandatory
 7  assessment of $100, a term of supervised release of up to three
 8  years, and an order of restitution of $90,968.82.
 9      Do you understand these maximum penalties?
10          THE DEFENDANT:  Yes, I do.
11          THE COURT:  Are you a United States citizen?
12          THE DEFENDANT:  Yes, I am.
13          THE COURT:  At the time of your sentencing, Judge
14  Sammartino may place you on supervised release.  If it's later
15  determined that you violated any term or condition of your
16  supervised release, it could be revoked, and you could be sent
17  to prison to serve the maximum period of time allowed for any
18  violation.  Do you understand?
19          THE DEFENDANT:  Yes, sir.
20          THE COURT:  On page -- on page 15 of your plea
21  agreement, there is a paragraph entitled "Defendant Waives
22  Appeal and Collateral Attack."  And what that paragraph
23  essentially means is if you are sentenced in accordance with
24  the terms of your plea agreement, you will forever waive your
25  right to either appeal or otherwise challenge your conviction
```

1  and sentence.  Do you understand?
2          THE DEFENDANT:  Yes, sir.
3          THE COURT:  Did you discuss the sentencing guidelines
4  with your attorneys?
5          THE DEFENDANT:  Yes, sir.  I did.
6          THE COURT:  And do you understand these guidelines
7  are advisory only?
8          THE DEFENDANT:  Yes, sir.
9          THE COURT:  Judge Sammartino does not have to follow
10 them.  She can impose the maximum sentence set forth in your
11 plea agreement.  Do you understand?
12         THE DEFENDANT:  Yes, sir.
13         THE COURT:  Judge Sammartino will calculate the
14 applicable guideline range.  She will consider that range.  She
15 will consider any departures under the sentencing guidelines
16 and any other departures under 18 U.S.C. Section 3553(a) that
17 your attorneys might wish Judge Sammartino to consider.  But
18 once you are sentenced, you will not be able to withdraw your
19 plea.  Do you understand?
20         THE DEFENDANT:  Yes, sir.  I do.
21         THE COURT:  Do you have any questions whatsoever
22 about the sentencing guidelines, how they apply to you, or how
23 they apply in your case?
24         THE DEFENDANT:  No, sir.
25         THE COURT:  Other than what is contained within your

1  written plea agreement, has anyone promised you anything in
2  order to get you to plead guilty today?
3          THE DEFENDANT:  No, sir.
4          THE COURT:  Has anyone threatened you or anyone close
5  to you in order to get you to plead guilty?
6          THE DEFENDANT:  No, sir.
7          THE COURT:  Are you pleading guilty because, in truth
8  and in fact, you are guilty and for no other reason?
9          THE DEFENDANT:  Yes, sir.
10          THE COURT:  Before I can accept your guilty plea, I
11  need to know that you actually committed a crime.  That's
12  called a factual basis.  Do you by any chance have a copy of
13  your plea agreement there?
14          THE DEFENDANT:  Sir, if you can give me one minute.
15          THE COURT:  I will give you all the time you want.
16          THE DEFENDANT:  Okay.  I've got it in the other room.
17          THE COURT:  Why don't you go grab it.
18          THE DEFENDANT:  Yes, sir.  (Pause.)
19          THE COURT:  Saves having you or me read it,
20  Mr. Pletcher.
21          MR. PLETCHER:  Well, Judge, either one is fine with
22  me.  It's quite lengthy, and I know that he and Mr. White and
23  Mr. Sullivan have gone over it --
24          THE COURT:  That's why I was -- that's what I was
25  going to do.

```
 1              MR. PLETCHER:  -- in particular detail.
 2              THE COURT:  That's what I was going to do.
 3              MR. PLETCHER:  Okay.
 4              THE COURT:  You are very organized, Mr. Haas.  I
 5   appreciate that.  Take your time.  I am not in a rush.
 6              THE DEFENDANT:  Okay.  Trying to get the one I
 7   actually signed.
 8              THE COURT:  It's --
 9              THE DEFENDANT:  Sorry, Judge.
10              THE COURT:  It's okay.  Honestly, take your time.  It
11   is not a problem.  I am here for you.
12              THE DEFENDANT:  Okay, sir.  I have got it.
13              THE COURT:  Okay.  On page -- if you can turn to
14   page 3 of that plea agreement, there's a paragraph entitled
15   "Elements Understood and Admitted - Factual Basis."  Do you see
16   that?
17              THE DEFENDANT:  Yes, sir.
18              THE COURT:  And it goes from page 3, all of page 4,
19   all of page 5, all of page 6, all of page 7, continuing on to
20   the middle of page 8.  There are 22 paragraphs in all.  Do you
21   see each of these paragraphs?
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  These paragraphs contain the factual
24   basis, the facts of your involvement in this case.  It is my
25   understanding you previously went over these with Mr. White and
```

 1  Mr. Sullivan, which was indicated by your initials at the
 2  bottom of each page.
 3       Are all these facts on all these pages true and correct,
 4  sir?
 5            THE DEFENDANT:  Yes, sir.
 6            THE COURT:  Thank you.
 7       Mr. White, do you concur in the factual basis?
 8            MR. WHITE:  Yes, Your Honor.
 9            THE COURT:  And do you concur in your client's plea?
10            MR. WHITE:  Yes, Your Honor.
11            THE COURT:  Thank you.
12       Mr. Pletcher, do you concur in the factual basis?
13            MR. PLETCHER:  Yes.  Thank you, Your Honor.
14            THE COURT:  Thank you.
15       Mr. Haas, are you satisfied with the services of your
16  attorneys, Mr. White and Mr. Sullivan?
17            THE DEFENDANT:  Yes, sir.
18            THE COURT:  Thank you.
19       You may rearraign him.
20            THE CLERK:  Mr. Haas, now that you have been advised
21  of your rights, the charges against you, and the possible
22  sentence, how do you now plead to Count One of the indictment?
23  Guilty or not guilty?
24            THE DEFENDANT:  Guilty.
25            THE CLERK:  Thank you.

1           THE COURT:  Thank you.
2       I find that your plea has been made knowingly and
3   voluntarily, with a full understanding of the nature of the
4   charge, your rights, and consequences of the plea.  There's a
5   factual basis for the plea.  And I will recommend that Judge
6   Sammartino accept your plea.  I will vacate any prior motion
7   hearing/trial setting dates.  Any motions on file are hereby
8   withdrawn, absent objection.  I will exclude time under the
9   Speedy Trial Act between today's date and the date of
10  sentencing for Judge Sammartino to consider the plea agreement
11  and accept your plea.  The parties have 14 days to fill any
12  objections to my findings.
13      I will order a probation report.  I will set sentencing
14  for August 28th, at nine o'clock a.m., before Judge Sammartino.
15       There are also two other documents that I will make part
16  of the record if the parties wish me to do so.
17           MR. WHITE:  Yes, Your Honor.
18           MR. PLETCHER:  Yes, Your Honor.  The restitution
19  addendum, Your Honor --
20           THE COURT:  Okay.
21           MR. PLETCHER:  -- is a public document.
22           THE COURT:  Okay.  The restitution addendum, and the
23  other one is under seal.  I will ask they both be filed.
24      Mr. Haas, before you go to sentencing with Judge
25  Sammartino, you are going to have an interview with a probation

1   officer, and the probation officer -- I don't know if it's
2   going to be in person or on the phone, but the probation
3   officer is going to do a lengthy interview with you about your
4   life, your background, any prior record if you have any, your
5   employment, your education, your family.  And then the
6   probation officer will make a recommendation to Judge
7   Sammartino about your sentencing.
8        And although Judge Sammartino does not have to follow that
9   recommendation, she is certainly going to give it great weight,
10  so I would encourage you to cooperate with the probation
11  officer so that you have a very favorable recommendation.
12       And it's very easy for me to see that you are taking this
13  quite seriously just by the fact that you have dressed in a
14  suit today for these proceedings, which I want you to know that
15  I do appreciate that.  You didn't have to do that, but I
16  appreciate it.
17       Your attorneys have worked very hard for you.  I know them
18  both.  They most excellent lawyers.  And I wish you the very
19  best of luck at your sentencing, sir.  Thank you.
20            THE DEFENDANT:  Thank you.
21            MR. WHITE:  Thank you, Your Honor.
22            THE COURT:  Anything further in this matter?
23            THE DEFENDANT:  No, sir.
24            MR. PLETCHER:  Thank you, Judge.
25            MR. WHITE:  Thank you very much for accommodating us.

```
 1               THE COURT:  You are very welcome.
 2          I think we are off the record, then, Maria?
 3               THE CLERK:  Yes.
 4          (End of proceedings at 2:40 p.m.)
 5                           -oOo-
 6                  C-E-R-T-I-F-I-C-A-T-I-O-N
 7
 8               I certify that the foregoing is a true and correct
 9   transcript to the best of my ability from the electronic sound
10   recording provided to me by the U.S. District Court, Southern
11   District of California, of the proceedings had on the date and
12   time stated in the aforementioned cause.
13               I further certify that I am neither counsel for,
14   related to, nor employed by any of the parties to the action in
15   which this hearing was taken, and further certify that I am not
16   financially nor otherwise interested in the outcome of the
17   action.
18               DATED:  June 25, 2020, at San Diego, California.
19
20                              /s/  Chari L. Bowery
21                              _____
                                Transcriber
22
23
24
25
```