UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>DAVID WILLIAMS HAAS,<br><br>                            Defendant. | Case No.: 18CR3656-JLS<br>                 25CV0920-JLS<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY** |

      Pending before the Court is Defendant Haas's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 101). Plaintiff has filed a response in opposition to Defendant's motion (ECF No. 112) and Defendant has submitted a reply (ECF No. 115). Having considered these submissions and the applicable authorities, the Court will dismiss Defendant's motion for lack of jurisdiction.

**Background**

      On June 9, 2020, Defendant Haas pled guilty pursuant to a plea agreement to the offense of conspiracy to commit bribery in violation of 18 U.S.C. § 371. ECF No. 37, 38. In his plea agreement, Defendant admitted to receiving, soliciting, and accepting a stream of benefits from Glen Defense Marine Asia ("GDMA"), a marine vessel "husbanding" corporation owned by Leonard Glenn Francis. ECF No. 38 at 4, 6. Defendant admitted

1

that the value of the items he received from GDMA was at least approximately $90,968.82. *Id*. at 8. The factual basis set forth in the plea agreement detailed Defendant's participation in the offense in 22 paragraphs spanning 6 pages. *Id*. at 3-8. In his plea agreement, Defendant represented that his guilty plea was knowing and voluntary, that he discussed its terms with counsel and "fully understands its meaning and effect," and that he was satisfied with his counsel's representation. *Id*. at 10, 17-18. Under the terms of the plea agreement, Defendant agreed to waive all rights to appeal and collateral attack, "except a post-conviction collateral attacked based on a claim of ineffective assistance of counsel." *Id*. at 15.

Defendant was represented by retained counsel at the change of plea proceeding, where Defendant acknowledged that he had taken an oath to tell the truth. ECF No. 42 at 3. During this proceeding, Defendant acknowledged that he read the plea agreement in its entirety, that he understood the elements of the offense, that the factual basis set forth in the plea agreement was true and correct, and that he was pleading guilty "because, in truth and in fact, [he is] guilty and for no other reason." *Id.* at 3, 6, and 9-10. Defendant further indicated that he understood that he would forever waive his right to appeal or otherwise challenge his conviction and sentence. *Id.* at 7-8. Defendant was sentenced by this Court on February 2, 2023 to a term of imprisonment of 30 months, 3 years of supervised release, and restitution in the amount of $90,968.82.[1] ECF No. 82.

On February 28, 2022, trial commenced for five defendants also charged with receiving bribes from Leonard Glenn Francis and GDMA. 17CR0623-JLS, ECF No. 755. During the trial, allegations of prosecutorial misconduct arose and additional allegations came to light post-trial, following the convictions of four of the defendants. *Id., *ECF Nos. 1156, 1200. On September 6, 2023, these misconduct allegations led to a post-trial disposition in which the convicted defendants were permitted to plead guilty to

---

[1] Defendant's term of imprisonment was subsequently reduced to 24 months pursuant to 18 U.S.C. § 3582(c). ECF No. 95.

misdemeanor offenses and their felony convictions were dismissed by the Government. *Id.*, ECF Nos. 1237-1240. In the ensuing months, the Court permitted three cooperating codefendants who pled guilty prior to trial and a fourth cooperating defendant in a related case to withdraw their guilty pleas and enter misdemeanor pleas, based on the prosecutorial misconduct issues alleged during and after the trial. *Id.,* ECF Nos. 1314, 1317, 1321; 13CR4287-JLS, ECF No. 377. In addition, the Court granted the Government's motion to dismiss the case of an unsentenced cooperating codefendant who pled guilty prior to the trial. 17CR0623-JLS, ECF No. 1318.

The Government justified these dispositions because the non-trial defendants accepted responsibility for their crimes and cooperated, yet they inequitably faced "much harsher outcomes that their immediate co-conspirators who did not accept responsibility, did not cooperate, and opted for trial." 17CR0623-JLS, ECF No. 1311 at 2. The Government noted that "nothing suggests the defendants pending sentencing or other defendants in Francis-related cases who pleaded guilty did not commit the charged crimes," but acknowledged that "certain issues" affected the prosecution of the case. *Id.* at 3. These issues included this Court's finding of prosecutorial misconduct for failing to disclose *Brady* material regarding a prostitute provided by Francis to trial defendant Lausman; the nondisclosure of the testifying case agent's factual mistakes in a bribery case in another district; information received after the trial regarding the acquisition of certain evidence known as the "Covington hard drives;" the handling and treatment of Leonard Francis; authentication issues of certain evidence at trial; and evidentiary issues regarding testimony of the case agent at trial. *Id.* at 3-4.

**Analysis**

Defendant contends that his conviction must be vacated due to the prosecutorial misconduct disclosed during and after the related trial proceedings and the fact that the similarly situated trial defendants and cooperating defendants received reduced charges or dismissals. Defendant contends that his plea bargaining process was tainted because he and his counsel entered plea discussions "unaware of the government's reliance on flawed

and compromised evidence." ECF No. 101-1 at 20.  Defendant notes that during and after the trial proceedings, it came to light that a subset of evidence known as the "Covington hard drives" lacked a proper chain of custody.  Defendant contends that his proffer session and protracted plea negotiations were tainted by this improperly handled and maintained evidence in violation of the principles established in *California v. Trombetta*, 467 U.S. 479 (1984).  Defendant further contends that he was denied effective assistance of counsel because of the government's suppression of exculpatory evidence revealed in statements made by Leonard Francis during a podcast released in 2021.  In addition, Defendant contends that the Government's failure to disclose Francis' podcast statements constituted due process violations under *Napue v. Illinois*, 360 U.S. 264 (1959) and *Giglio v. United States,* 405 U.S. 150 (1972).  Finally, Defendant argues that the selective prosecution and sentence disparities in the related cases violate the Equal Protection Clause.

The Government responds that Defendant waived his right to collateral attack, that his § 2255 motion is time-barred, that several of Defendant's claims are not cognizable in a § 2255 motion, and that his claims are procedurally defaulted.  The Court agrees that Defendant's motion is both waived and time-barred.  Further, the Court agrees that Defendant's claims are not cognizable due to his voluntary guilty plea and are procedurally defaulted because he has not demonstrated prejudice.

**1.   Waiver**

A knowing and voluntary waiver of a statutory right is enforceable.  *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990).  The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition.  *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir. 1993).

In this case, the record reflects that Defendant's plea agreement was knowingly and voluntarily entered and Defendant makes no persuasive showing otherwise.  The language of the plea agreement sets forth Defendant's acknowledgment that his guilty plea was knowing and voluntary, that he understood and discussed its terms with counsel, and that

he was satisfied with his counsel's representation.  ECF No. 38 at 10, 17-18.  At the change of plea proceeding, Defendant represented under oath that that he read the plea agreement in its entirety, that he understood the elements of the offense, that the factual basis set forth in the plea agreement was true and correct, and that he was pleading guilty "because, in truth and in fact, [he is] guilty and for no other reason." *Id.* at 3, 6, and 9-10.  Defendant also acknowledged that he understood that he would forever waive his right to appeal or otherwise challenge his conviction and sentence.  *Id.* at 7-8.

The  Magistrate Judge took Defendant's guilty plea in full compliance with Rule 11 of the Rules of Criminal Procedure and recommended this Court accept the guilty plea upon a finding that Defendant was competent to enter the plea, did so voluntarily, and there was a factual basis for the plea.  ECF No. 152.  No objections to the Magistrate Judge's findings and recommendation were filed, and this Court accepted Defendant's guilty plea.  ECF No. 51.  Thus, all of the evidence contemporaneous with Defendant's guilty plea suggests that the plea agreement was voluntarily entered.

Defendant maintains, however, that his plea was rendered involuntary because abusive prosecutorial misconduct materially affected his understanding.  ECF No. 115 at 10.  Defendant points to no specific instance of prosecutorial misconduct that was part of his plea negotiations, nor does he identify any specific information that would call into question any of the facts and conduct admitted in the plea agreement or which materially affected Defendant's decision to plead guilty.  For example, Defendant does not contend that he detrimentally relied on any document(s) from the Covington hard drives in deciding to plead guilty (or that they were false).  Furthermore, the alleged withheld impeachment evidence consists of statements made by Leonard Francis during a podcast which was not in existence at the time of Defendant's plea negotiations.[2]  Instead, Defendant speculates that whatever conduct impacted the trial verdicts and guilty pleas of the cooperating trial

---

[2] Defendant pled guilty in June of 2020, the podcast was not aired until October and November of 2021. 17CR0623-JLS, ECF No. 635-3 at 2

defendants also impacted his guilty plea. But in assessing the voluntariness of a plea, the court must accord great weight to statements made by the defendant contemporaneously with his plea. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986), citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal..." *Blackledge,* 431 U.S. at 74. Thus, against the existing record in this case, Defendant's speculative assertions are insufficient to demonstrate that his guilty plea was involuntary.

The Court notes that the plea agreement waiver of collateral attack did contain an exception for post-conviction challenges based on a claim of ineffective assistance of counsel. Defendant, however, fails to make a colorable claim that his motion falls within this exception. To prevail on an ineffective assistance of counsel claim, Defendant has the burden of showing that counsel's performance was deficient and that this deficient performance prejudiced Defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficiency of performance is established through a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. To establish prejudice in the plea agreement context, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, Defendant contends that the Government's suppression of material facts about Leonard Francis's credibility and the "mishandling" of evidence resulted in a tainted plea-bargaining process and ineffective assistance of counsel. ECF No. 101-1 at 20-21. However, the focus of Defendant's ineffective assistance of counsel claim is the Government's alleged suppression of exculpatory evidence, not the reasonableness of defense counsel's performance. Defendant makes absolutely no showing that his attorney's performance fell below an objective standard of reasonableness or that there is any reasonable probability that, but for counsel's errors, Defendant would not have pleaded guilty and would have insisted on going to trial. Instead, Defendant's ineffective assistance

of counsel claim is merely a repetition of his *Brady/Giglio* claim in disguise.[3]  Thus, the Court finds that the collateral attack waiver provision in the plea agreement to be applicable, despite the exception for claims of ineffective assistance of counsel. Accordingly, the Court finds that Defendant knowingly and voluntarily entered the plea agreement and therefore waived his right to bring his Section 2255 motion.

### 2. Limitation Period

28 U.S.C. § 2255(f) establishes a 1-year limitation period running from the latest of:

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In this case, Defendant's conviction became final on February 24, 2023.[4]  His Section 2255 motion was filed on February 4, 2025, nearly two years later.  Thus, Defendant has clearly exceeded the limitations period set forth in Section 2255(f)(1). Defendant contends that his motion is timely under Section 2255 subsection (f)(2) because the government's concealment of its misconduct constituted an impediment to making the motion, and under subsection (f)(4) because the specifics of the government's misconduct

---

[3]  Notably, Defendant also fails to make any showing that the facts he admitted in his guilty plea were at all compromised by any non-disclosed evidence.  He also fails to demonstrate that he was prejudiced by the prosecution's failure to disclose material evidence, as would be required to establish a violation under *Brady v. Maryland*, 373 U.S. 83 (1963).  *See, e.g., United States v. Bagley*, 473 U.S. 667, 678 (recognizing that prejudice must result from the failure to disclose the evidence).

[4]  The judgment in this case was entered on February 10, 2023 (ECF No. 82), and Defendant filed no notice of appeal.  Thus, his conviction became final 14 days later.  *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (recognizing that statute of limitations for § 2255 motion began to run upon the expiration of the time during which the defendant could have sought review by direct appeal).

as it relates to Defendant's plea negotiations and proffer sessions "remain exclusively within the government's possession." In addition, Defendant argues that equitable tolling should apply.

The Court is not persuaded that either of these Section 2255 limitation provisions are applicable in this case. First, the Court is not persuaded that an acknowledgment of prosecutorial misconduct is the type of governmental action encompassed within the "impediment to making a motion" provision set forth in 28 U.S.C. § 2255(f)(2). The Court agrees with the Government's position that the absence of an admission of error does not prevent a motion alleging the error. In fact, the trial defendants, without impediment by the government, brought motions raising the same allegations Defendant now contends he was "impeded" from raising until 2024. In January 2022, those defendants filed a motion alleging prosecutorial misconduct related to the Francis podcasts and his medical furlough. 17CR0623-JLS, ECF No. 662. In July 2023, a similar motion was filed with respect to the Covington hard drives. *Id.,* ECF No. 1200. Second, the Government's concession of improprieties during the trial of the related defendants occurred on September 6, 2023, when a joint recommendation for misdemeanor dispositions for the convicted defendants was presented the Court. *Id*., ECF No. 1243. Thus, even if one were to count the concession of error as the removal of a governmental impediment, Defendant's motion filed on February 4, 2025 still falls outside of the 1-year limitation period established under Section 2255(f)(2).

Defendant also fails to demonstrate that the facts supporting his claims could not have been discovered prior to February of 2024, as would be required under Section 2255 subsection (f)(4). The Francis podcast was publicly released, before Defendant was even sentenced, in October and November of 2021. 17CR0623-JLS, ECF No. 635-3 at 2. As noted in the paragraph above, the other facts supporting Defendant's claims were known, or could have been discovered through the exercise of due diligence, by at least September 6, 2023, more than one year prior to the filing of Defendant's Section 2255 motion in February 2025.

Defendant's argument that Subsection (f)(4) is applicable because the specifics of the government's misconduct relating to his plea negotiations and proffer sessions remain exclusively in the government's possession is faulty on two fronts. First, it presumes misconduct even though the government has never conceded any error with respect to the related defendants who pled guilty and were sentenced prior to the trial-related dispositions. The government has steadfastly maintained that there is nothing to suggest that other defendants in Francis-related cases who pleaded guilty did not commit the charged crimes. *See, e.g.,* 17CR0623-JLS, ECF No. 1311 at 3. Second, Defendant was part of the plea negotiations and proffer sessions, the evidence and information he relied upon in making his decision to plead guilty was not exclusively in the Government's possession. If any of the trial-related concessions of error or allegations of misconduct impacted Defendant's plea negotiations and proffer sessions, Defendant would be in a position to know this and due diligence would require him to raise his claims within one year of their publication in 2021 or 2023.

Finally, for this reason, the Court is not persuaded that Defendant has demonstrated due diligence or extraordinary circumstances warranting equitable tolling. *See, e.g., Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (to receive equitable tolling, "[t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.")(quotation omitted)). The Court is not persuaded that Defendant's attempt to resolve this matter by correspondence with the prosecutor after the expiration of the limitations period constitutes due diligence, nor an extraordinary circumstance standing in the way of a timely filing. Accordingly, the Court concludes that it lacks jurisdiction in this matter because Defendant's motion was filed outside of the 1-year limitation period established by Section 2255(f).

### 3. Guilty Plea Limitation

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson,* 467 U.S. 504, 508 (1984). " '[A] plea of guilty entered by one fully

aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Id.* at 509, quoting *Brady v. United States*, 397 U.S. 742, 755 (1970).

As previously discussed with respect to his plea agreement waiver of collateral attack, Defendant has not meaningfully called into question the voluntary and intelligent character of his guilty plea. Defendant pled guilty with the assistance of counsel and in full compliance with the provisions of Rule 11 of the Federal Rules of Criminal Procedure. Under these circumstances, Defendant is not entitled to collateral relief.

**4.      Procedural Default**

"The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621 (1998)). "'Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice" or that he is "actually innocent."'" *United States v. Braswell*, 501 F.3d 1147, 1149–50 (9th Cir. 2007) (quoting *Bousley*, 523 U.S. at 622; citing *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993)) (footnote omitted).

In this case, Defendant did not appeal his conviction or sentence. Even if the Court were to presume cause resulting from the timing of the disclosures in the trial and related cases, Defendant has failed to demonstrate prejudice or that he is actually innocent. As the Court previously noted when it denied Defendant's request for additional discovery (ECF No. 111), Defendant fails to make any specific showing that his guilty plea was impacted by any of the misconduct or issues uncovered during the trial which took place two years after he pled guilty. Although Defendant makes generalized assertions regarding his plea

agreement process, the government's suppression of evidence and reliance on fraudulent evidence, Defendant makes no specific showing how any of these factors invalidated his guilty plea. Much of the alleged misconduct resulting in the more lenient post-trial dispositions stemmed from trial issues unique to those defendants involved in the trial. In the case of the cooperating witness defendants, their dispositions stemmed from the Government's position that they, as cooperators, should not receive harsher sentences than those who opted for trial and did not accept responsibility. This determination was based in equity, there was no showing or finding that these defendants did not commit the crimes they admitted. While it is true that these defendants received more lenient sentences than Defendant Haas, Defendant simply has not established that his own conviction was illegal or unconstitutional. Accordingly, the Court finds that Defendant has failed to demonstrate actual prejudice resulting from his failure to present his claims on direct appeal and that his claims are procedurally defaulted.

## Conclusion

The Court finds that the Section 2255 motion and the record conclusively demonstrate that Defendant is entitled to no relief because the motion was waived as a result of Defendant's plea agreement and not timely filed under 28 U.S.C. §2255(f). The Court further finds that Defendant's claims are not cognizable in light of his guilty plea and are procedurally defaulted. Accordingly, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody is **Hereby Dismissed.** Additionally, the Court **Denies** Defendant a certificate of appealability, as Defendant has not made a substantial showing that he has been denied a constitutional right.

IT IS SO ORDERED.

Dated: December 5, 2025

Hon. Janis L. Sammartino
United States District Judge